IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Danielle Allen, | ) | C/A No. 0:23-cv-02207-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 22, 23. Having considered the briefing, the administrative record, and all relevant law, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report for the reasons that follow.

## I. BACKGROUND

Plaintiff, proceeding in forma pauperis, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB"). ECF No. 1 at 1.

Plaintiff applied for DIB on June 8, 2020, alleging disability beginning August 5, 2018. (R. 15, 264). Plaintiff's application was denied initially and upon reconsideration. (R. 87, 109). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 11, 2022. (R. 37–64). The ALJ denied Plaintiff's application

on August 26, 2022. (R. 12–36). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1–6).

Plaintiff filed suit in this Court on May 24, 2023. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On July 17, 2024, Magistrate Judge Paige J. Gossett issued her Report recommending that the decision of the Commissioner be affirmed. ECF No. 22. On August 1, 2024, Plaintiff filed Objections to the Report. ECF No. 21. The Commissioner filed a Reply on August 12, 2024. ECF No. 22.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the

Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

### III.  DISCUSSION

Plaintiff objects to the Report because she alleges the Magistrate Judge did not adequately address the ALJ's failure to give sufficient reasoning for discounting two treating medical provider's opinions, which Plaintiff contends support her position regarding the nature of her severe polyneuropathy from diabetes as well as signs of hyperactivity and anxiousness and the ALJ discredited the positive findings with unreasonable and unsupported rationale.  ECF No. 23 at 2–4.  She contends the ALJ improperly sought out and relied on objective evidence of pain rather than considering the objective evidence in the record.  *Id.* at 1–2.  Plaintiff argues that the ALJ applied flawed rationale and did not explain away objective medical evidence in Plaintiff's favor by not adequately considering the consistency of the two medical opinions and that the Magistrate Judge erred in finding the ALJ accurately summarized and considered the entire medical record by not addressing and considering the reasons supporting the positive findings.  *Id.* at 2–4.

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  *See* ECF No. 22.  Having conducted a careful de novo review of the record, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's assessment.

The ALJ properly evaluated Plaintiff's physical impairments and found Plaintiff had the functional capacity to perform light work.  Furthermore, the ALJ did not err in finding the evidence supporting the conclusion that the record as a whole did not support and was inconsistent with the two medical providers' opinions of extreme limitations.  The ALJ, in weighing the evidence in accordance with applicable factors and legal authority, did consider the two positive medical opinions, but found them outweighed by other objective evidence in the record inconsistent with these opinions.  (R. 28–29). The ALJ highlighted specific examples of inconsistencies concerning Plaintiff's abilities including medical records and Plaintiff's own statements to other medical providers indicating Plaintiff stood at an event all day, enjoyed bike riding, and had taken up running—all inconsistent with the opinion that Plaintiff could not stand or walk at all without pain.  (R. 22–23, 28–29, 722–23).

Additionally, the ALJ considered medical records from the relevant period showing that Plaintiff responded to chiropractic manipulation, she did not require any increase to prescription medications, and there was a lack of evidence of significant range of motion limitations or chronic weakness in the extremities.  (R. 21–22, 26–29). The ALJ properly considered this evidence and gave reasons why the two opinions were inconsistent and

4

therefore outweighed based on other evidence in the record. (R. 28–29). Moreover, the ALJ's reliance on objective medical evidence was a proper consideration in evaluating the two opinions, and both the ALJ and Magistrate Judge's analyses were appropriate under applicable law. See 20 C.F.R. § 404.1520c(a), (c).

Because substantial evidence supports the ALJ's determination, Plaintiff's Objection is overruled. See *Parker v. Astrue*, 664 F.Supp.2d 544, 552 (D.S.C. Mar. 27, 2009) ("In assessing whether there is substantial evidence, the reviewing court should not 'undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of' the agency." (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original))).

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Report, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

                   s/ Donald C. Coggins, Jr.
                   United States District Judge

September 17, 2024
Spartanburg, South Carolina